## TEXAS INDEMNITY INS. CO. v. BUSH.
### No. 5444.

Court of Civil Appeals of Texas. Amarillo.
May 18, 1942.

Rehearing Denied June 15, 1942.

Bromberg, Leftwich, Gowan & Schmucker, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

FOLLEY, Justice.

This is a compensation suit wherein the appellee, Travis Bush, is the employe, the Fulton Bag & Cotton Mills of Dallas the employer, and the appellant, Texas Indemnity Insurance Company, the insurance carrier. In an appeal from an award of the Industrial Accident Board the appellee sought compensation for specific injuries to his left hand and arm alleged to have been sustained when his hand was caught between the rollers of a burlap machine. The appellee asked for 13 weeks' compensation for the total loss of his hand and arm and 187 weeks' compensation for 75% permanent partial loss of his hand and arm.

In a trial before a jury a verdict was returned finding 13 weeks' total incapacity to the arm and hand, respectively, and permanent partial incapacity of 50% to the arm and hand, respectively, beginning at the end of the period of total incapacity. Upon such verdict the trial court found that for the total incapacity to his arm and hand the appellee was entitled to recover 60% of his agreed average weekly wages for 13 weeks, and for his permanent partial incapacity to his hand he should recover one half of 60% of his agreed average weekly wages for 137 weeks, and for the permanent partial incapacity to his arm he should recover one half of 60% of his agreed average weekly wages for 187 weeks, but that such periods of incapacity for the arm and hand should run concurrently, thereby limiting the recovery to 13 weeks for total incapacity and 187 weeks for permanent partial incapacity, or 200 weeks' compensation, the maximum recovery allowed for a specific injury to the arm under Section 12 of Article 8306, Vernon's Ann.Civ.St. Judgment was accordingly rendered for appellee against the appellant for 13 weeks' total incapacity at $9.69 per week, less certain credits theretofore paid by the appellant, and for 187 weeks' permanent partial incapacity at $4.84½ per week. In keeping with the pleadings of the appellee, one third of this recovery was awarded to appellee's attorneys as attorneys' fees.

The appellant complains of the court's definition of partial incapacity of the arm, the jury's finding thereon, and the recovery allowed therefor, upon the ground that the evidence allegedly did not raise the issue as to the incapacity of the arm but confined the injury solely to the hand. There was no issue submitted or requested asking whether appellee's injury was confined to his hand, that is, below the elbow, and no complaint was made by reason of such omission. Although the visible injuries were confined to the hand, the testimony from one of the physicians was to the effect that the whole arm was injured and incapacitated from forty to sixty per cent. He stated that the appellee complained of pain all the way up the arm, which complaint he determined to have been genuine from his observation of

certain reflexes. He further stated that appellee could straighten his hand only so far when it would cause a tremor in the upper part of the arm. The appellee testified that his hand up to the elbow was caught and mashed in the rollers; that it felt like it was tearing his whole arm off; that he lost the total use of his hand and arm for 13 weeks; and that the pain still extended up the arm into the shoulder where he had sharp pains and aches both day and night. We think this testimony is sufficient to show the injury involved the entire arm. Therefore, the appellee was not limited in his recovery to the number of weeks allowed for a specific injury to the hand but was entitled to recover for the maximum number of weeks allowed for injury to the arm. Maryland Casualty Co. v. Donnelly et al., Tex.Civ.App., 50 S.W.2d 388.

In response to the respective issues on partial incapacity to the arm and hand, the jury found the beginning date at the end of the 13 weeks' period of total incapacity and that appellee's 50% partial incapacity to the arm and hand, respectively, would last "for the balance of his natural life." The appellant contends that such findings do not support the judgment for 187 weeks' disability, asserting that the court in such judgment impliedly and erroneously found that the appellee would live the full 187 weeks after the beginning of the partial incapacity, which the court was unauthorized to do. There was no issue submitted asking the jury if the partial incapacity of appellee's arm or hand would be permanent and no objection was made on account of such omission or to the manner in which the issues were submitted inquiring abut the duration of the partial incapacity. We think the jury's finding that the partial incapacity of appellee's arm and hand, respectively, would continue "for the balance of his natural life" was equivalent to a finding that such incapacities were permanent or unchanging or never-ending. 45 Tex.Jur. 578, par. 154. This suit being for a specific injury the appellee was entitled to the recovery allowed and such right of recovery is a vested right not contingent upon nor affected by the appellee's life expectancy. Federal Surety Co. v. Pitts et al., 119 Tex. 330, 29 S.W.2d 1046, and authorities cited; Southern Underwriters et al. v. Lewis et al., Tex.Civ.App., 150 S.W.2d 162.

By its last assignment the appellant contends the court erred in awarding appellee's attorneys one third of the recovery as attorneys' fees. This assignment is based upon the lack of evidence to show that appellee had agreed to pay his attorneys one third of the recovery. Although the appellee pleaded that he had agreed to pay his attorneys the maximum one third allowed by the statute as attorneys' fees, no proof was offered thereon but if such proof was necessary, which question we are not required to pass upon, we think that under the circumstances of this case the appellant has no right to complain. The fact that the trial court set apart one third of the compensation for the benefit of the attorneys for appellee has not increased the liability of the appellant nor the recovery against it. The attorney's fee allowed under the provisions of Section 7d of Article 8306 is a matter pertaining only to the claimant and his attorney, is ordinarily of no concern to the insurance carrier, and is particularly within the discretion of the trial court. Employers' Liability Assur. Corporation, Limited, v. Sims, Tex.Civ.App., 67 S.W.2d 445, writ refused; Fidelity Union Casualty Co. v. Dapperman, Tex. Civ.App., 53 S.W.2d 845, writ refused. The appellant having shown no injury by the court's action in this respect, this assignment will be overruled. Old Texas Rule 62a; New Rule No. 434, Vernon's Texas Rules of Civil Procedure.

The judgment is affirmed.