**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**O. H. MOTLEY, Appellee.**

**No. 11939.**

Court of Civil Appeals of Texas, Austin.

July 5, 1972.

Rehearing Denied July 26, 1972.

Groce, Locke & Hebdon, Jack Hebdon, San Antonio, for appellant.

Tinsman & Houser, Inc., Margaret M. Maisel, San Antonio, for appellee.

SHANNON, Justice.

Appellant, Texas Employers' Insurance Association, appeals from a judgment in a workmen's compensation case by the district court of Comal County in favor of appellee, O. H. Motley. The question concerns the provision in the judgment providing a "lump sum" attorney's fee.

The jury answered special issues that appellee O. H. Motley, was totally and permanently disabled as the result of an injury suffered by him on February 18, 1970, while in the course of his employment for Mission Valley Mills, Inc. in New Braunfels. The jury failed to find that the payment of compensation in weekly installments, instead of a "lump sum," would result in a manifest hardship and injury to appellee.

Prior to the entry of the judgment, appellee filed a motion to accelerate the compensation to $98.00 per week which would approximate his "take-home" pay at the time of his injury. In a separate paragraph of that motion appellee moved that his attorney be awarded his fee in a "lump sum" discounted to present value.

In response to the jury's answers to the special issues judgment was entered that appellant make weekly payments of $49.00 to appellee, thereby, in effect, denying appellee's motion for acceleration. The judgment provided further that appellee's attorney be paid 25% of the total amount recovered, discounted to present value or

$4,266.07 in a lump sum. Other provisions of the judgment, not important here, pertained to the payment of the sum owing to appellee for those weeks after appellant discontinued compensation payments up to the time of the entry of the judgment.

Appellant claims by its single point of error that the court erred in awarding appellee's attorney a "lump sum" fee when the jury failed to find for appellee on the "lump sum" issue. Vernon's Tex.Rev.Civ.Stat. Ann. article 8306, Sec. 7d, provides that the court trying the case may fix the fee for the attorney representing the workman in an amount not to exceed twenty-five percent of the amount recovered. Sec. 7d provides in part:

"Sec. 7d. For representing the interest of any claimant in any manner carried from the Board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed twenty-five per cent (25%) of the amount recovered, such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined.

In fixing and allowing such attorneys' fees the court must take into consideration the benefit accruing to the beneficiary as a result of such services. No attorneys' fees (other than the amount which the Board may have approved) shall be allowed for representing a claimant in the trial court unless the court finds that benefits have accrued to the claimant by virtue of such representation, and then such attorneys' fees may be allowed only on a basis of services performed and benefits accruing to the beneficiary."

■ The language of Sec. 7d does not prohibit the trial court from awarding the workman's attorney a "lump sum" fee even though the workman receives his compensation weekly. In the absence of any prohibition in Sec. 7d, we are of the opinion that whether or not the fee will be paid to the attorney in a one sum or in weekly payments is a matter left to the discretion of the trial judge. This construction of the statute will not harm appellant since it will not increase its liability. In some instances, the opposite construction could result in the workman's case being settled for less than value.

The matter of allowing an attorney's fee and of fixing the amount of that fee is a subject of concern for the workman, his attorney, and the court, and not the insurance carrier. Texas Indemnity Insurance Company v. Bush, 163 S.W.2d 224 (Tex. Civ.App.1942, writ ref'd). We are of the opinion that the manner of payment of the attorney's fee should not be treated differently.

■ By a cross-point appellee asks that the judgment be reformed to provide that the entire judgment bear interest from the date of its entry until paid at the rate of six percent per annum. Tex.Rev.Civ.Stat.Ann. article 8306a provides that any judgment rendered pursuant to the Workmen's Compensation Act shall bear interest from the date it is rendered until paid at the rate of four percent, compounded annually. Tex. Rev.Civ.Stat.Ann. article 5069–1.05 provides that all judgments of the courts of this State shall bear interest at the rate of six percent per annum from and after the date of the judgment except in a situation not here applicable. The portion of article 8306a referred to above was repealed by article 5069–1.05. Home Indemnity Company v. Mosqueda, 473 S.W.2d 456 (Tex. 1971)

Accordingly, the judgment in this case is reformed to provide that the judgment bear interest at the rate of six percent per annum from the date of its entry until it is paid. As so reformed, the judgment is affirmed.

Reformed, and as reformed, affirmed.

## ON MOTION FOR REHEARING

■ Appellant did complain both as to the alleged error in awarding appellee's attorney a "lump sum" fee, and as to its claim that the court accelerated appellee's weekly compensation payments to $49.00.

Prior to the entry of judgment, appellee filed a motion to accelerate his weekly payments to $98.00 which would approximate his "take home" pay before injury. The judgment, however, did not provide payments of $98.00, but rather $49.00. Although the judgment did recite that the motion for acceleration would be granted " . . . to the extent that Plaintiff should be paid $49.00 per week . . .," the effect was but to permit appellee the maximum sum allowed by law for total incapacity,[1] regardless of any acceleration. Accordingly, we are of the opinion that the judgment did not accelerate appellee's compensation.

Appellant's motion for rehearing is denied.

Motion denied.

1. Tex.Civ.Stat.Ann. Art. 8306, Sec. 10.