**TEXAS EMPLOYERS INSURANCE
ASSOCIATION, Petitioner,**

v.

**O. H. MOTLEY, Respondent.**

No. B–3554.

Supreme Court of Texas.

Jan. 31, 1973.

Rehearing Denied March 14, 1973.

Groce, Locke & Hebdon, Jack Hebdon and James D. Guess, San Antonio, for petitioner.

Tinsman & Houser, Inc., Richard Tinsman, San Antonio, for respondent.

GREENHILL, Chief Justice.

The main question in this workmen's compensation case is the power of the trial court to order the insurance company to pay the attorney's fees of the workman in a lump sum when the compensation to the injured employee, under the jury's verdict, is to be paid in weekly installments. This

is the first time that this question has been presented to this court. The court of civil appeals affirmed the judgment of the trial court which directed the lump sum payment of attorney's fees, and we agree with that holding. 483 S.W.2d 709. The second question deals with the acceleration of the weekly payments to the workman. Our holding is that since no jury issue was requested as to a need for an acceleration of payments, the issue was waived. We therefore reverse the judgments of both courts below which accelerated the payments and remand the cause to the district court for the entry of judgment in accordance with this opinion.

The injured employee, O. H. Motley, suffered a general injury and was awarded compensation for total and permanent disability. There is no complaint of that. The jury found that it would not result in a manifest hardship if Motley's compensation were payable in weekly installments. There is no complaint as to that either. And Motley has no complaint as to action of the trial court as to the payment of his attorney. The complaint of the insurance company is that the trial court, exercising his discretion, directed the payment of Motley's attorney's fees by the insurance company in a lump sum. Its contention is that the attorney's fee must be taken each week from the sums recovered by Motley, and that the trial court, under the statutes, had no power to direct otherwise. Our decision turns on statutory construction, and the question is as to the power of the trial court.

The statutes make different provisions for recoveries before the Industrial Accident Board and for recoveries obtained by a judgment in court.[1] When the compensation is based on an award of the Board and is in weekly installments, the statute provides that the Board "shall fix . . . the proportion of each installment to be paid [to the attorney] on account of said legal services." Section 7c of Article 8306. The statute thus spells out that when the workman is to receive his compensation in installments as a result of an order of the Board, so is his lawyer.

One reason for this is that when there is no death claim and when recovery is based on an award of the Board for a general injury, the total amount that the insurance company is to pay in installments may not be definitely ascertainable at the time of the award. The Board retains the right to modify the award. Moreover, if the employee dies before he receives all of the compensation awarded him in weekly payments, the cases say that the liability of the insurance company ceases; i. e., the unmatured portions of the claim are extinguished by his death. Texas Employers Ins. Assn. v. Phillips, 130 Tex. 182, 107 S. W.2d 991 (1937). Since this is so, the portion recoverable by the attorney may not be ascertainable with certainty at the time of the Board's award. Hence a lump sum recovery to the attorney would present problems.

■ On the other hand, if the compensation is based upon a *judgment* in court, which judgment has either become final or is affirmed, the amount awarded by the court does survive the workman's death and is not subject to modification or reduction. Bailey v. Travelers Insurance Co., 383 S.W.2d 562 (Tex.1964). The attorney's fees, therefore, may be fixed or approved with certainty by the trial court in the light of the amount which will be recovered by the workman or those claiming under him.

■ As pointed out, there is a restriction as to what the *Board* can do in awarding attorney's fees which was not placed by the Legislature in its authorization of the *court* to act. The Board, in these circumstances, can only approve the amount of weekly payments to the attorney. The

---

1. All statutory references are to Vernon's Texas Civil Statutes Annotated. All emphasis is ours.

statute, Section 7d, authorizes the court to "fix and allow" such fees without the restriction as to such periodic installments.

It is true that in context, Section 7d begins by speaking to the legality of a contingent fee contract between the workman and his attorney, not to exceed 25% of the amount recovered by the workman. But this court has construed the rest of that Section to give the court independent discretion as to the fixing of attorney's fees. This court has held that the amount of the attorney's fees to be allowed in compensation cases is a matter for the trial court to determine without the aid of a jury, and the amount of the recovery is within its discretion. Texas Employers Ins. Assn. v. Hatton, 152 Tex. 199, 255 S.W.2d 848 (1953); Brooks v. Texas Employers Ins. Assn., 358 S.W.2d 412, Tex.Civ.App.1962, writ ref., n. r. e.

Since the Legislature has not restricted the trial court in the handling of attorney's fees as it did the Industrial Accident Board, we hold that the trial court had the power and the discretion to order a lump sum payment by the insurance company of the attorney's fees.

■ There are, to us, other reasons to support this view. When the workmen's compensation act was passed, the weekly payments were to be in lieu of wages which the workman could not earn because of his incapacity. There was, as we understand it, a feeling that it might not be wise to give the laborer, unskilled in money management, a large sum of money in a lump sum. It might be best for him, and his family, if the money were paid to him weekly,—as he had been receiving his wages. Provision was made, however, in Section 15 of Article 8306, for payment to the workman in a lump sum if to do otherwise would result in manifest hardship. We interpret the "manifest hardship" as used in Section 15 to mean manifest hardship to the workman, not his attorney.

On the other hand, the Legislature has not deemed it necessary to protect the attorney from the receipt of a lump sum where the matter can be passed upon by a trial court. Indeed the attorney may have incurred substantial expense in the preparation of the case for trial; and the need for his payment of such expenses is now.

In discussing lump sum payments of attorney's fees, Larson in his work on Workmen's Compensation says,

"One of the most troublesome difficulties in compensating the claimant's attorney is that, under the normal practice of paying income benefits in weekly installments, the payment of the attorney's fees from week to week out of these installments means that the attorney gets paid in driblets over a long period, with a disproportionate amount of bother for everyone." (Volume 3, § 83.13, page 354.-54).

If the attorney's fees could only be paid in installments out of the weekly compensation to the workman, the attorney might be facing a dilemma. It might be best for the workman to receive the payments in installments; and it would be the duty of the attorney to argue for the best interest of his client for payments in installments. At the same time, if it is best for the attorney to receive his fee in a lump sum, he would be arguing against his own interest to best serve his client's interest. We need not consider the temptation to argue for a lump sum for the workman so the attorney could receive his fee in a lump sum. The fact is that the two problems are not similar; and unless they are controlled by statute, the trial court should have discretion to look at the problems separately. We perceive that the Legislature may have intentionally left room for judgments which provide installment payments to the workman and to lodge in the trial court discretion as to whether to provide for the attorney's fee in a lump sum.

As noted above, the question is one of statutory construction. The statutes in the various states are so different that we find difficulty in arriving at any majority or

minority view. See Annotation 159 A.L.R. 899 where this point is discussed beginning on page 955. There are a great many supplemental citations, but the annotators have not attempted to state any newer conclusions.

In Texas Indemnity Insurance Co. v. Bush, 163 S.W.2d 224 (Tex.Civ.App.1942), the trial court had directed the payment of attorney's fees in installments out of the workman's award; but the insurance company appealed on the grounds that no proof was offered as to any contract between the workman and his attorney and that no proof was offered that the attorney's efforts were necessary. Referring to Section 7d of the statute discussed above, the court wrote that "[T]he attorney's fee allowed . . . is a matter pertaining only to the claimant and his attorney, [and it] is ordinarily of no concern to the insurance carrier, and is particularly within the discretion of the trial court." [citing cases] "The appellant [insurance company] having shown no injury by the court's action in this respect, this assignment will be overruled." We see no injury to the insurance company here. It owes the money under the judgment, and the amount of the payment has been discounted to its present value from that which it would have had if paid in installments.

The insurance company points out that the attorney's fee, by statute, is to come from that amount "recovered" by the workman. The argument is that the money is not actually "recovered" by the workman until he gets it in hand in installments. If this were a contest between the workman and his attorney, and the attorney were insisting on being paid in a lump sum by the workman before the workman got his money from the insurance company, we would probably agree with the workman. But such is not the case here. Whether the insurance company owes the attorney's fee now is, of course, the problem in the case; so whether the money is "recovered," or recoverable now is likewise the question in the case. But we are not impressed with the analogy to the attorney's trying to exact his fee from the workman before he gets his money.

## Acceleration

■ There are two statutory alternatives to the payment to the workman of the regular compensation on a weekly basis. One is for a complete lump sum payment, and the other is for weekly payments but on an accelerated basis. Both are provided for on the basis of need. Section 15a of Article 8306 provides for an increase in the amount of weekly payments to the employee when it is' shown that the amount ordinarily payable to him is inadequate.

But like the question of manifest hardship to bring about a lump sum, the question of need for an acceleration of payments is also a fact question for the jury. If the claimant seeks acceleration, it is his burden to request an issue and to obtain a favorable jury finding thereon. Since there was no such request here, the issue was waived.

■ The holding of the court of civil appeals was, however, that there was not an acceleration here; and that being so, there was no necessity for any request or jury finding on acceleration.

Because of his wage rate, the workman here was entitled to payments of $49 per week for 401 weeks. Out of this, by virtue of his contract with his attorney, his attorney was entitled to one-fourth, or $12.25 per week. So the workman was entitled to receive $36.75 per week for 401 weeks. But the workman desired to receive $49 per week for a fewer number of weeks. That, by definition, is an acceleration of his payments; and, as noted above, it takes a fact finding of a need for acceleration to accomplish that result.

The court of civil appeals reasoned that if the attorney were paid off the top and the workman no longer owed any attorney's fees, then there would be no reason not to pay the workman $49 per week for

fewer weeks. The workman may indeed need the added amount per week; but if he does, he should obtain a jury finding for a need for acceleration. Changing his payments from $36.75 per week for 401 weeks to $49 per week for fewer weeks is still an acceleration of his payments. Our conclusion is that the action of the trial court in directing payments to him of $49 per week was not permitted under the statutes as written.

The Legislature is now in session; and if we have misconstrued its enactments, it can, of course, amend its statutes to more clearly reflect its intent.

### The Judgment

The record shows that as of the date of trial of this case, 86 weeks of compensation had already been paid or accumulated; and the amount due the attorney must be discounted. The entry of a proper judgment, then, calls for calculations which we think could best be made by the trial court with the assistance of counsel. We therefore order a remand of this cause to the trial court for the entry of a judgment in accordance with this opinion.

While we agree with the opinion of the court of civil appeals as to the lump sum payment of attorney's fees, we disagree with it as to the acceleration of the weekly payments to the workman. Accordingly, the judgments of the court of civil appeals and the trial court are reversed, and the cause is remanded to te district court with instructions.

Dissenting opinion by REAVLEY, J., in which WALKER, J., joins.

REAVLEY, Justice (dissenting).

I cannot quarrel with the desirability of either the result reached by this Court or the result reached by the Court of Civil Appeals. I also agree that the insurance company suffers no real harm by being required to advance payment of the attorney fees (except that the company suffers an impairment of its bargaining position to settle the case for less than the amount of the judgment). However, the question is the legal position of the parties under the Workmen's Compensation Act. Texas Employers Insurance Association should pay only that amount of money at that time which a claimant of Motley's disability and wage rate is entitled to receive under the terms of the statute.

The sections of that statute which impose liability upon the insurance company direct the payment of a "weekly compensation" to the injured employee of not more than Forty-nine Dollars ($49) nor less than Twelve Dollars ($12). Art. 8306, secs. 10, 11 and 12. Death benefits within the same limits are set by section 8 to be by "weekly payment." These sections likewise set the maximum length of the period of payment at 401 weeks, 360 weeks, 300 weeks, and the scheduled periods for specific injuries. An exception to weekly compensation is made in case of hardship, but that exception does not apply in this case. The statute does not merely compute the workman's compensation by adding together weekly pay for a certain period; the liability it imposes upon the insurance company is to pay the compensation rate a week at a time for that period. And that is the only liability to which this company is subject. There is no added liability for the employee's legal fees. His lawyer is compensated by board or court order out of the "amount recovered" by the employee. Art. 8306, sec. 7d.

I would hold, under compulsion of the statute, that the company should pay $49 per week for the determined period and that it may not be required to pay a special award in a lump sum for attorney fees.

WALKER, J., joins in this dissent.