**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Francisco GARCES, Appellee.**

**No. 15146.**

Court of Civil Appeals of Texas, San Antonio.

Feb. 7, 1973.

Rehearing Denied March 7, 1973.

Groce, Locke & Hebdon, Charles L. Smith, San Antonio, for appellant.

Tinsman & Houser, Inc., Richard Tinsman, Margaret M. Maisel, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a workmen's compensation case in which Francisco G. Garces, appellee herein and plaintiff below, recovered a judgment against Texas Employers' Insurance Association, appellant herein and defendant below, for total and permanent incapacity based upon a jury verdict of total and permanent incapacity. The jury also found that $49 per week less an attorney's fee of 25% was inadequate to meet the necessities of plaintiff and found that $45 per week free and clear of attorney's fees should be paid to plaintiff. Judgment was in conformity with these jury findings and further provided that plaintiff's attorney's fees should be paid in a lump sum.

Defendant makes no complaint here with regard to the findings of total and permanent incapacity. Defendant's complaint on the appeal is directed at the court's exclusion of evidence regarding receipt by plaintiff of welfare and social security benefits in regard to the issue of acceleration, and to the fact that the judgment provides for the payment of plaintiff's attorney's fees in a lump sum discounted to present value.

We consider first defendant's points of error concerning exclusion of evidence. By its first point of error defendant asserts that the trial court erred in sustaining plaintiff's attorney's objection to the question asked of the plaintiff as to whether or not he was receiving social security and welfare benefits, because his answer thereto was relevant and material on the issue of accelerated payments. By its second point of error defendant asserts that the trial court erred in excluding from the jury evidence that plaintiff was receiving $159.50 per month social security benefits and certain limited welfare benefits of $145 per month.

Defendant concedes as a general rule the collateral source rule [1] could prohibit such testimony, but contends that the rule should not apply here because: (1) it should not be applicable in a case where the question of lump sum and/or accelerated payments are involved; and (2) that plaintiff's attorney opened the door for such evidence in his opening statement to the jury.

In such opening statement plaintiff's attorney explained to the jury that accelerated payments were being sought and in such statement stated: "But he is 58 years old now and in four years he maybe [sic] eligible for social security. And so it will be our position that the workman's [sic] compensation should be accelerated." [2] During

1. Texas General Indemnity Co. v. Hamilton, 420 S.W.2d 735 (Tex.Civ.App.— San Antonio 1967, writ ref'd n. r. e.) ; Traders & General Insurance Co. v. Reed, 376 S.W.2d 591 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.).

2. "It will be our contention that he just physically, he and, he has two daughters and his wife and that a family of four physically in this day and time cannot live on $36.75 a week. It just can't be done. And so, we will ask that you

the course of cross-examination of plaintiff, he was asked whether he was receiving social security and welfare benefits, and plaintiff's attorney's objection thereto was sustained by the trial court. Subsequently, by bill of exception, defendant showed that plaintiff was receiving $159.50 per month in social security benefits, and in addition thereto had received welfare payments for two months of $145, which were to be cut off because of the fact that he was receiving social security benefits. Defendant's offer of this evidence before the jury was refused by the court.

Defendant asserts, under the provisions of Article 8306, Section 15, Vernon's Tex. Rev.Civ.Stat.Ann., pertaining to acceleration of weekly payments, that in order for the jury to determine the question whether the amount of weekly compensation is inadequate to meet the necessities of the employee, the jury should have enough of the facts surrounding the employee's financial circumstances to determine whether the weekly payments would be adequate to meet such necessities. In this connection defendant asserts that although there are no cases in Texas on acceleration of payments, on the question of lump sum payments, evidence of the claimant's financial condition is admissible, and that these cases are analogous. In support thereof defendant cites Texas Employers' Insurance Ass'n v. Clack, 112 S.W.2d 526 (Tex.Civ. App.—Amarillo 1938, affirmed 134 Tex. 151, 132 S.W.2d 399 [Tex.Comm'n App. 1939, opinion adopted]); General Accident Fire & Life Assurance Corp. v. Coffman, 326 S.W.2d 287 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.); Texas Employers' Insurance Ass'n v. Long, 180 S.W.2d 629 (Tex.Civ.App.—Austin 1944, writ ref'd w. o. m.). In this connection, plaintiff asserts that a distinction should be made between lump sum payment cases and acceleration of weekly benefits in that in lump sum payment cases an important consideration to be taken in mind is the claimant's ability to handle a large sum of money.

In General Accident Fire & Life Assurance Corp. v. Coffman, supra, which involved a lump sum payment to plaintiff, it was held that the trial court erred in excluding from the jury evidence of earnings of claimant's wife and evidence of the amount of money obtained by plaintiff from a previous workmen's compensation settlement. The Court stated in its opinion that since the lump sum payment is for the purpose of doing as near as possible equity for the *employee,* more than ordinary latitude should be granted in the investigation of the issue in order to determine whether manifest hardship would result to an employee if compensation is not paid in a lump sum. The Court put considerable stress on the fact that the plaintiff had received the sum of $1,000 less than two years before in a settlement for a knee injury stating that such evidence would have presented facts for consideration by the jury with regard to the plaintiff's ability to handle a lump sum, and that the jury could well have concluded that under such circumstances plaintiff was not capable of handling any large sum of money. This problem is not presented in the acceleration of payments cases.

In support of its contention that plaintiff's attorney opened the door for such evidence in his opening statement to the jury,

double the compensation to $98.00 per week less the attorney's fees. Of course this cuts down the number of weeks. Instead of 401 weeks, it will only mean that for 200 and a half weeks. But he is 58 years old now and in four years he maybe [sic] eligible for social security. And so it will be our position that the workman's [sic] compensation should be accelerated."

It is to be noted that defendant's attorney in his questioning of plaintiff made reference to the fact that plaintiff was receiving social security benefits as evidenced by the following questions:

"Q. Now, as I understand it you are receiving from social security . .

"MR. TINSMAN: Just a minute.

"Q. . . . . . 100 and . . .

"MR. TINSMAN: Just a minute. Just a minute."

defendant asserts that the import of such statement was to lead the jury to believe that the plaintiff was not receiving any type of social security benefits and would not be eligible to receive any social security benefits for four more years. Plaintiff's attorney asserts that his remarks were a correct statement in that plaintiff would not be eligible to receive old age social security benefits until he reached the age of 62 years, and had no reference to disability benefits; that a different rule applies to social security disability benefits in that the Social Security Act requires a reduction of disability benefits to reflect the receipt of workmen's compensation payments, while old age benefits are not subject to such offset, (See Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L. Ed.2d 231 [1971].); and that to allow the jury to consider that plaintiff was receiving $159.50 a month social security disability benefits would be misleading and confusing, since such monthly benefits would be decreased upon receipt of weekly workmen's compensation benefits under the provisions of the Social Security Act.

Under all the circumstances we think the proffered testimony was properly excluded under the collateral source rule; and that the objection to such evidence was properly sustained; and that the evidence offered was properly excluded. Pacific Employers Indemnity Co. v. Johnson, 448 S.W.2d 205 (Tex.Civ.App.—Beaumont 1969, no writ);[3] Texas General Indemnity Co. v. Hamilton, 420 S.W.2d 735 (Tex. Civ.App.—San Antonio 1967, writ ref'd n. r. e.); Traders & General Insurance Co. v.

Reed, 376 S.W.2d 591 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.).

In any event, if there was any error in the exclusion of such testimony, it was harmless error. Rule 434, Texas Rules of Civil Procedure; Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S. W.2d 596 (1953); Otto v. Otto, 438 S.W. 2d 587 (Tex.Civ.App.—San Antonio 1969, no writ); Appellate Procedure in Texas, Harmless Error, Sections 17.6, 17.12. The record as a whole does not afford any substantial basis for the belief that the exclusion of the evidence complained of by defendant was reasonably calculated to cause and probably did cause the rendition of an improper verdict.

Defendant's points of error Nos. 1 and 2 are overruled.

Defendant's third point of error is that the trial court erred in entering a judgment in which it granted plaintiff's attorney's fees in a lump sum in the absence of a jury verdict or stipulation to support such action. Since the time of oral arguments in the case before us, this precise question has been passed on by the Supreme Court. Texas Employers Insurance Ass'n v. Motley, 491 S.W.2d 395 (Tex. 1973). In such case the Supreme Court said: "The main question in this workmen's compensation case is the power of the trial court to order the insurance company to pay the attorney's fees of the workman in a lump sum when the compensation to the injured employee, under the jury's verdict, is to be paid in weekly installments. This is the first time that this

3. In Pacific Employers Indemnity Co. v. Johnson, supra, where the employee sought a lump sum payment, the compensation carrier sought to introduce evidence that plaintiff was receiving disability benefits from the Veterans Administration. The trial court excluded such evidence. The Court of Civil Appeals in affirming the trial court held that the exclusion of such evidence did not constitute reversible error, and in such case the Court said: "The admission of the proffered testimony would have brought to the knowledge of the jurors that an agency of the United States Government had already found on undisclosed evidence, that plaintiff was totally disabled—an issue which was for the determination of the jurors upon the basis of the evidence they had heard from the witnesses upon the trial. Had such evidence been admitted, plaintiff's counsel would have been well within his rights to have argued that the Veterans Administration had found the plaintiff to be totally disabled and was paying him therefor." 448 S.W.2d at 209.

question has been presented to this court. The court of civil appeals affirmed the judgment of the trial court which directed the lump sum payment of attorney's fees, and we agree with that holding. 483 S. W.2d 709." The Supreme Court in its opinion set forth various reasons in support of its holding and further said: "Since the Legislature has not restricted the trial court in the handling of attorney's fees as it did the Industrial Accident Board, we hold that the trial court had the power and the discretion to order a lump sum payment by the insurance company of attorney's fees." 491 S.W.2d at 397.

Defendant's third point of error is overruled.

The judgment of the trial court is affirmed.