

## OPINION

No. 04-08-00757-CV

**DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY**,
Appellant

v.

Charles **TATE**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-11318
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice
Concurring and dissenting opinion:  Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   June 24, 2009

REVERSED AND REMANDED

Discover Property & Casualty Insurance Company ("Discover") appeals an award of

attorney's fees against it under section 408.221(c) of the Texas Workers' Compensation Act.

Because we hold the trial court erred in denying Discover's right to a jury trial on the amount of

reasonable and necessary attorney's fees, we reverse and remand for a new trial on attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Charles Tate, a maintenance mechanic, was injured during the course of his employment when he fell from a ladder. Tate sought workers' compensation benefits from Discover, his employer's insurance carrier. While Discover ultimately agreed that Tate's injury was compensable, it rejected two of his applications for supplemental income benefits because it did not believe he was participating in a full-time vocational rehabilitation program. Tate initiated a contested case hearing in which he was successful. Discover appealed to an appeals panel of the Texas Department of Insurance, Division of Workers' Compensation ("DWC"). The DWC panel affirmed the case hearing officer's rulings that Tate was entitled to receive second and third quarter supplemental income benefits.

Discover then sought judicial review in the district court and requested a jury trial; it filed a motion to consolidate the two cases, which was granted. Tate filed a general denial, along with a counterclaim seeking to recover his attorney's fees from Discover under section 408.221(c) of the Texas Workers' Compensation Act (the "Act") in the event Discover did not prevail on judicial review. TEX. LABOR CODE ANN. § 408.221(c) (Vernon 2006). After a two-day trial, the jury found that Tate was entitled to receive approximately $9,800 in second and third quarter supplemental income benefits.

Tate filed two post-trial motions—a motion to enter judgment on the jury's verdict, and a motion for approval and award of his attorney's fees by the court. Affidavits from three of his attorneys (Mike Doyle, John Davis, and Peter Kelly, appellate counsel) and itemized billing statements were attached to Tate's motion for attorney's fees, which requested total fees through trial of $105,676.96, plus $4,255 in fees for recovering his attorney's fees and conditional appellate fees.

Discover filed a response objecting to Tate's request for attorney's fees, arguing his claim for fees was waived because no evidence of fees was submitted to the jury; it also disputed the amount and attached an affidavit from its attorney opining that the fees were excessive. Discover asserted in its response that because the "reasonable and necessary" amount of fees was disputed, it was a fact question for the jury to resolve. At the hearing on Tate's motion for attorney's fees, Discover argued waiver based on the lack of a jury finding on the amount of attorney's fees, and objected to proceeding on the basis of affidavits alone. It reiterated its position that the amount of reasonable fees was a jury issue, and alternatively requested a plenary or evidentiary hearing on the issue. Both requests were denied by the trial court. At the conclusion of the hearing, the trial court entered judgment on the jury's verdict and awarded Tate the following attorney's fees: $105,676.96 in attorney's fees through the end of trial; $1,000 (reduced) for attorney's fees incurred in recovering his attorney's fees; and $25,000 (reduced) in conditional appellate attorney's fees. Discover appealed, challenging only the award of attorney's fees.

In its first four issues on appeal, Discover argues the trial court erred in denying it a jury trial, or, at a minimum, a plenary hearing, on the amount of "reasonable and necessary" attorney's fees; Discover also argues that Tate waived his claim for attorney's fees, either by failing to submit a jury issue on the amount of reasonable and necessary fees or, alternatively, by failing to admit any evidence on the amount of reasonable and necessary fees at a plenary hearing. Discover also asserts that Tate is not entitled to recover attorney's fees incurred "in pursuit of fees." Finally, Discover challenges the award of attorney's fees as excessive.

**RECOVERY OF ATTORNEY'S FEES UNDER SECTION 408.221(c)**

Section 408.221 of the Act authorizes the recovery of attorney's fees by a workers' compensation claimant. TEX. LABOR CODE ANN. § 408.221 (Vernon 2006). Prior to a 2001 amendment, section 408.221 provided that a claimant's attorney's fees were to be paid out of the claimant's recovery, subject to a 25% cap. With the 2001 amendment, the legislature created an exception by adding subsection (c), which shifts liability for a claimant's attorney's fees to the insurance carrier when the carrier seeks judicial review of a workers' compensation award and fails to prevail on one or more issues. *Id.* § 408.221(c). The main issue presented in this appeal is whether a jury trial, or, alternatively, a plenary hearing,[1] when requested, is permitted under subsection (c) on the issue of the amount of reasonable and necessary attorney's fees.

**1.      *Jury Trial on Amount of Attorney's Fees under Subsection (c).***

Discover argues it was entitled to a jury trial on Tate's claim for attorney's fees, particularly as to the amount of "reasonable and necessary" fees. It contends that section 408.221 should not be interpreted as "denying the right to a jury trial," as guaranteed by Texas Supreme Court precedent and the Texas Constitution, when liability for the claimant's attorney's fees is shifted to the insurance carrier under subsection (c). Tate responds that the plain language of section 408.221 makes the trial judge the fact-finder as to the reasonable amount of attorney's fees, noting that subsection (b) states that an attorney's fee must be based on "written evidence" submitted to the court. Tate contends there is never a right to a jury trial, or a plenary hearing, on the amount of attorney's fees recoverable under section 408.221, even when the fee-shifting provisions of subsection (c) come into play.

---

[1] A plenary hearing involves witnesses presenting testimony in court or by deposition, and thus subject to cross-examination, rather than by affidavit. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992).

We begin by noting that when the Texas Supreme Court has dealt with the issue of a "reasonable and necessary" amount of attorney's fees recoverable under a statute, it has consistently held that it is a question of fact for a jury to resolve. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367-68 (Tex. 2000) (holding that the amount of attorney's fees recoverable under a provision of the Public Information Act stating that "the court may assess" reasonable attorney's fees is a fact question for a jury); *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (interpreting a similarly-worded provision of the Declaratory Judgment Act to allow a jury to determine the amount of "reasonable and necessary" attorney's fees); *see also Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997) (award of appellate attorney's fees is a question of fact for the jury); *Great Am. Reserve Ins. Co. v. Britton*, 406 S.W.2d 901, 907 (Tex. 1966) (reasonableness of attorney's fees is a fact question that may be submitted to a jury). The Supreme Court in *City of Garland* rejected the same type of reasoning voiced by Tate—that the plain language of the statute authorizing "the court" to assess "reasonable attorney's fees," and the omission of an express provision permitting a jury determination as to the amount, showed the Legislature intended the trial judge to be the fact-finder and to determine the amount of reasonable attorney's fees. *See City of Garland*, 22 S.W.3d at 367. In *City of Garland*, the Supreme Court interpreted the statutory language "the court may assess . . . reasonable attorney fees" as requiring the trial court to decide *whether* to award attorney's fees, but noted that the statute did not dictate *how* to determine a "reasonable" amount of fees. *Id.* The Court noted that generally the reasonableness of statutory attorney's fees is a jury question. *Id.* (internal citations omitted). Similarly, in *Bocquet*, the Court held that the statutory language of the Declaratory Judgment Act required the trial judge to determine whether to award attorney's fees, but allowed the jury to determine the amount of reasonable

attorney's fees.  *Bocquet*, 972 S.W.2d at 21; *see Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999) (stating that the availability of attorney's fees under a particular statute is a question of law for the court, and the jury's finding as to the amount of reasonable attorney's fees is immaterial to the legal issue of whether fees are recoverable as a matter of law).  We must therefore interpret section 408.221's provisions authorizing the recovery of a claimant's attorney's fees in view of this Supreme Court precedent recognizing the general right to a jury determination of the reasonable amount of attorney's fees.

We conduct a *de novo* review and interpret section 408.221(c), the particular subsection at issue, according to the basic principles of statutory construction.  *Holland*, 1 S.W.3d at 94 (a party's ability to recover attorney's fees under a certain statute is a question of law which we review *de novo)*; *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312 (Tex. 1999).  Our overriding goal is to determine and give effect to the legislative intent expressed in the statute.  TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005).  We begin by looking to the plain and common meaning of the words used in the statute, and construe the statute as a whole rather than isolating particular words or phrases from the statutory context.  *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004);  *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000).  If the meaning of the statutory language is not ambiguous, we interpret it according to its plain terms and consistent with the other provisions of the statute.  *City of Sunset Valley*, 146 S.W.3d at 642.  We read every word as if it were deliberately chosen and presume that omitted words were excluded purposefully.  *Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex. App.—Austin 1999, pet. denied).  Finally, we  also consider the objectives of the statute and the consequences of a particular interpretation.  *City of Sunset Valley*, 146 S.W.3d at 642; *see Keng*, 23 S.W.3d at 349 (provisions

of the Texas Workers' Compensation Act should be liberally construed in favor of the injured employee).

We begin by looking to the plain language of the statute. In relevant part, section 408.221 provides,

> (a) An attorney's fee, including a contingency fee, for representing a claimant before the division or court under this subtitle must be approved by the commissioner or court.

> (b) Except as otherwise provided, an attorney's fee under this section is based on the attorney's time and expenses according to written evidence presented to the division or court. Except as provided by Subsection (c) . . ., the attorney's fee shall be paid from the claimant's recovery.

> (c) An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of the appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier . . . If the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails. In making that apportionment, the court shall consider the factors prescribed by Subsection (d) . . . .

> (d) In approving an attorney's fee under this section, the commissioner or court shall consider:
>   (1) the time and labor required;
>   (2) the novelty and difficulty of the questions involved;
>   (3) the skill required to perform the legal services properly;
>   (4) the fee customarily charged in the locality for similar legal services;
>   (5) the amount involved in the controversy;
>   (6) the benefits to the claimant that the attorney is responsible for securing; and
>   (7) the experience and ability of the attorney performing the services.
> . . .
> (i) Except as provided by Subsection (c) . . ., an attorney's fee may not exceed 25 percent of the claimant's recovery.

TEX. LABOR CODE ANN. § 408.221.

As stated, we are concerned with subsection (c) in this case, but must interpret it within the context of the statute as a whole. First, we note that subsection (c) does not give the trial court discretion as to "whether" to award attorney's fees, but rather requires it by providing in affirmative language that the insurance carrier "is liable for" the claimant's reasonable and necessary attorney's fees. *Id.* § 408.221(c). The interpretive question before us is whether subsection (c) permits a jury trial on the amount of reasonable and necessary attorney's fees for which the insurance carrier is liable, or whether the trial court alone must make that determination. There is nothing in the statutory language of subsection (c) that expressly prohibits a jury trial on the amount of attorney's fees when the liability is shifted to the insurance carrier. Reading section 408.221 as a whole, subsection (a) requires that a claimant's attorney's fee under the subtitle must be "approved" by "the court." *Id.* § 408.221(a). Subsection (b) states that an attorney's fee under the section is "based on the attorney's time and expenses according to written evidence presented to the . . . court" — "*except as otherwise provided.*" *Id.* § 408.221(b) (emphasis added). Subsection (c) states affirmatively that an insurance carrier who seeks judicial review "is liable for reasonable and necessary attorney's fees *as provided by Subsection (d)*" which are incurred by the claimant "as a result of" the carrier's appeal if the claimant prevails on an issue. *Id.* § 408.221(c) (emphasis added). Subsection (c) goes on to require the court to apportion the claimant's attorney's fees according to the issues prevailed upon if the carrier appeals multiple issues. *Id.* Subsection (d) lists the *Andersen*[2] factors that are to be considered by the court in approving an attorney's fee under section 408.221. *Id.* § 408.221(d).

Reading subsection (c) in the context of the statute as a whole, particularly together with subsections (b) and (d), we conclude the Legislature intended the amount of "reasonable and

---

[2] *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997).

necessary" fees under (c) to be calculated based on the *Andersen* factors set forth in (d), not merely on the "attorney's time and expenses according to written evidence" as provided in (b). We read (b) as applying to the situation where a claimant's attorney's fees are to be paid out of the claimant's recovery, which was the original application of section 408.221 before subsection (c) was added in 2001. When the claimant's attorney's fees are to be paid out of the claimant's recovery, subsection (b) provides a streamlined procedure in which the trial judge determines the amount of fees based only on "the attorney's time and expenses according to written evidence" presented to the court. *Id.* § 408.221(b). In that situation, where the fees are paid out of the claimant's recovery, the statute affirmatively provides the manner of determining the amount of fees, *i.e.*, by the court based on written evidence of time and expenses; while subsection (b) does not expressly prohibit a jury determination, its clear meaning is that the trial court acts as the fact-finder as to the amount of fees, not a jury.[3] *Id.* Moreover, subsection (b) provides that only one of the *Andersen* factors, the "attorney's time and expenses," is to be the basis for the fee award. *Id.* Subsection (c), on the other hand, provides that the amount of reasonable and necessary attorney's fees is "as provided by Subsection (d)," which includes not only the attorney's "time and labor," but six more of the fact-intensive *Andersen* factors. *Id.* § 408.221(c). In addition, the Legislature's inclusion in subsection (b) of the modifier "except as otherwise provided," supports our interpretation that the calculation of the fee award under (c)'s fee-shifting provision is to be based on the more detailed factors required

---

[3] Indeed, we have previously interpreted section 408.221 as requiring that the court approve the claimant's request for attorney's fees and determine the amount of fees recoverable out of the claimant's recovery "without the aid of a jury." *Transcontinental Ins. Co. v. Smith*, 135 S.W.3d 831, 838 (Tex. App.—San Antonio 2004, no pet.) (citing *Texas Employers Ins. Ass'n v. Motley*, 491 S.W.2d 395, 397 (Tex. 1973)). We note that the version of the statute applicable in *Smith,* based on the 1998 date of the compensable injury, was the prior version of section 408.221, before the fee-shifting provisions of subsection (c) were added. *Id.* at 833. Likewise, *Motley* was decided well before the addition of a fee-shifting provision. *Motley*, 491 S.W.2d at 397.

to be considered under subsection (d), which are fact-intensive, and thus within the proper purview of a jury. *See Andersen*, 945 S.W.2d at 818-19.

We recognize that one of our sister courts of appeal has recently decided this issue differently. *See Transcontinental Ins. Co. v. Crump*, 274 S.W.3d 86 (Tex. App.—Houston [14th Dist.] 2008, pet. filed). In *Crump*, the insurance carrier did not prevail on judicial review of a worker's compensation award, and was held liable for the claimant's attorney's fees under section 408.221(c). In one of its issues on appeal, the insurance carrier challenged the trial court's denial of its request for a jury trial on the issue of attorney's fees under section 408.221(c). The court in *Crump* held the trial court did not err in denying a jury trial on attorney's fees; however, it based that decision only on whether two provisions of the Texas Constitution guaranteed a jury trial on attorney's fees in a worker's compensation case, finding they did not. *Id.* at 100-02 (discussing article I, section 15, and article V, section 10 of the Texas Constitution). The *Crump* court only considered the constitutional implications of the denial of a jury trial on attorney's fees in a worker's compensation case, and did not consider or address the *Bocquet/City of Garland* line of cases by the Texas Supreme Court holding that the amount of attorney's fees is generally a jury issue. We therefore find *Crump* distinguishable from the issue presented in this appeal.

Viewing the language of section 408.221(c) in the context of the whole statute, and along with Supreme Court precedent on the issue, we conclude that a jury determination as to the amount of "reasonable and necessary" attorney's fees, when requested, is not prohibited by the statute. *See Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) ("A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it."). Here, Discover requested a jury trial in its original petition, filed a response objecting to Tate's

recovery of his attorney's fees without a jury determination, filed a controverting affidavit as to the amount of reasonable and necessary fees thereby creating a disputed fact issue, and objected to proceeding to a determination of attorney's fees based on affidavits alone. We hold that Discover was entitled to a jury trial on the amount of reasonable and necessary attorney's fees recoverable by Tate under section 408.221(c).[4] Accordingly, we reverse the trial court's order awarding Tate his attorney's fees, and remand for a new trial on the "reasonable and necessary" amount of attorney's fees for which Discover is liable under section 408.221(c). *See City of Garland*, 22 S.W.3d at 368 (remand for jury trial on attorney's fees appropriate remedy); *see also Britton*, 406 S.W.2d at 907 (claim for attorney's fees is severable).

Having determined that under applicable Supreme Court precedent Discover was entitled to a jury determination of the amount of attorney's fees recoverable by Tate under section 408.221(c), we need not address Discover's argument that it also had the right to a jury trial under the Texas Constitution, or its alternative argument that it had the right to a plenary hearing on the issue of attorney's fees. In addition, because we are reversing and remanding for a new trial on the amount of attorney's fees, we do not reach Discover's complaint that the fees awarded by the trial court are excessive.

2.      *Waiver of Claim for Attorney's Fees*.

Discover also argues on appeal that, because the reasonable amount of attorney's fees is a jury issue, Tate waived his counterclaim for attorney's fees by failing to submit a jury issue on fees during trial, or by failing to object to omission of such an issue from the jury charge. *See* Tex. R.

---

[4] Parties may certainly agree to submit the amount of reasonable and necessary attorney's fees recoverable under section 408.221(c) to the trial court for determination. *See Financial Ins. Co. v. Ragsdale*, 166 S.W.3d 922, 930 (Tex. App.—El Paso 2005, no pet.) (parties agreed to submit issue of amount of attorney's fees recoverable under section 408.221(c) to the trial court).

CIV. P. 279. We agree that under Rule 279, a party with the burden of proof on a ground of recovery or defense has the duty to submit all disputed elements of his cause of action to the jury. *Id.*; *see Cameron County v. Velasquez*, 668 S.W.2d 776, 781 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.). Generally, unless conclusively established by the evidence, a party's failure to submit a properly worded issue, or object to its omission, results in waiver. TEX. R. CIV. P. 279; *Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 676 (Tex. App.—Houston [1st Dist.] 2008, pet. filed). Here, Tate sought affirmative relief by his claim for attorney's fees under section 408.221(c), but clearly failed to submit the issue to the jury. *See Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 453 (Tex. App.—Amarillo 2005, pet. denied) (request for attorney's fees in judicial review of worker's compensation award is a claim for affirmative relief). Under the circumstances of this case, however, and in the interest of justice, we decline to find waiver.

First, as previously noted, section 408.221(c) mandates an award of attorney's fees to the claimant when he prevails on an issue on which the insurer sought judicial review. Here, Tate consistently argued in the trial court that the amount of attorney's fees recoverable by him under section 408.221(c) was to be determined by the court, and that the statute in fact *prohibited* a jury trial on attorney's fees. In support, Tate relied on the statutory language, as well as our prior opinion in *Smith*[5] (issued before subsection (c) was added) and the recent *Crump* opinion. Indeed, the court in *Crump* rejected the same argument now made by Discover, *i.e.*, that the claimant had waived his claim for attorney's fees by failing to submit it to the jury. *See Crump,* 274 S.W.3d at 102-03. Based on this authority, Tate took what he thought was appropriate affirmative action by filing a post-trial motion for attorney's fees with supporting affidavits and exhibits detailing his attorneys'

---

[5] *Transcontinental Ins. Co. v. Smith*, 135 S.W.3d 831 (Tex. App.–San Antonio 2004, no pet.).

time and expenses. Because this court has not previously held that, when requested by either party, a jury should determine the reasonable amount of attorney's fees under section 408.221(c), we decline to hold that Tate waived his claim for fees by not submitting a jury issue on fees or objecting to its omission. Instead, in the interest of justice, we remand for a new trial on the amount of attorney's fees. *See* TEX. R. APP. P. 43.3(b) (appellate court has broad discretion to remand for new trial in the interest of justice); *see also Twyman v. Twyman,* 855 S.W.2d 619, 626 (Tex. 1993) (remand for new trial in the interest of justice is appropriate when it appears that case proceeded in trial court under wrong legal theory, and when it appears that the facts when developed on retrial may support recovery on an alternative theory); *Scott Bader, Inc. v. Sandstone Products, Inc.*, 248 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (remand is appropriate when a case, for any reason, has not been fully developed).

### 3. *Fees in Pursuit of Fees.*

Because it is capable of being repeated by the trial court on remand, we must address Discover's argument that Tate is not entitled to recover his attorney's fees in pursuit of attorney's fees. The trial court awarded Tate $1,000 in attorney's fees incurred in attending the hearing on Tate's motion for attorney's fees under section 408.221(c). Discover argues that Tate is not entitled to recover attorney's fees for pursuing recovery of his attorney's fees because the statute does not expressly authorize such fees. Tate responds[6] that the Act should be construed liberally in favor of the injured worker and that under the broad statutory language, he is entitled to recover all reasonable

---

[6] In his brief, Tate initially asserts that Discover failed to preserve this issue because it did not object to recovery of "fees in pursuit of fees" in its written response. However, at the hearing on attorney's fees, Discover's counsel argued that under *Vega-Garcia* Tate was not entitled to recover "fees on top of fees," and objected to any such recovery. *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762 (Tex. App.–Dallas 2007, pet. denied). Therefore, the issue was raised in the trial court, and properly preserved. TEX. R. APP. P. 33.1.

attorney's fees incurred "as a result of" the carrier's appeal, including "fees in pursuit of fees." We apply a *de novo* standard of review to the issue of whether attorney's fees are recoverable under a particular statute, as such a determination is a question of law. *Holland*, 1 S.W.3d at 94; *El Paso Natural Gas*, 8 S.W.3d at 312. In interpreting the statutory language of subsection (c), we apply the same basic principles of statutory construction discussed above.

Section 408.221(c) states that an insurance carrier that seeks judicial review is liable for "reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant *as a result of the insurance carrier's appeal if the claimant prevails on an issue* . . . If the carrier appeals multiple issues and the claimant prevails on some, but not all, of the issues appealed, the court shall apportion and award fees to the claimant's attorney only for the issues on which the claimant prevails." TEX. LABOR CODE ANN. § 408.221(c) (emphasis added). Two of our sister courts of appeal have interpreted this language in the context of an insurance carrier's challenge to recovery of "fees in pursuit of fees," and have reached conflicting results.

Discover relies on *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 769-70 (Tex. App.—Dallas 2007, pet. denied), in which the court held that a worker's compensation claimant may not recover attorney's fees incurred in the pursuit of her attorney's fees under section 408.221(c). In *Vega-Garcia*, the insurance company sought judicial review of an award of supplemental income benefits, but subsequently non-suited the action. The claimant submitted the issue of attorney's fees to a jury, and was awarded $18,540 for preparation and trial, plus $5,126 for fees in pursuit of fees and $10,000 in conditional appellate fees. *Id.* at 765. The insurer appealed, among other issues, the award of fees in pursuit of fees. The Dallas court began its analysis of this issue by noting that when the basis for recovery of attorney's fees is statutory, "an award of attorney's fees may not be supplied

by implication but must be provided for by the express terms of the statute in question." *Id.* at 769

(quoting *First City Bank-Farmers Branch, Tex. v. Guex*, 677 S.W.2d 25, 30 (Tex. 1984)). While

recognizing that the Act is to be liberally construed in favor of injured workers, the court

nevertheless concluded there is no language in section 408.221, or section 408.147,[7] that can be

construed to permit recovery of fees "for pursuit of attorney's fees." *Id.* The court reasoned that

because section 408.221(c) directly links the insurance carrier's liability for the claimant's attorney's

fees to its action in seeking judicial review, and expressly provides for apportionment of fees *only*

*for the issues* on which the claimant prevails in a multi-issue appeal, the statute "clearly limits

recovery of attorney's fees to those fees incurred by [the claimant] in prevailing *on the issue* on

which judicial review was sought." *Id.* (emphasis added). In *Vega-Garcia,* attorney's fees were not

awarded at the commission level, and thus attorney's fees was not an issue on which judicial review

was sought; therefore, the claimant could not recover. *Id.* at 769-70 (concluding there is no

provision in section 408.221 permitting an award of attorney's fees incurred in pursuit of fees, and

reversing the $5,126 fee award and rendering a take-nothing judgment on that claim).[8]

Tate characterizes *Vega-Garcia's* construction of section 408.221(c) as only permitting

recovery of attorney's fees incurred "in defense of" the insurance carrier's judicial review

proceeding. *See id.* Tate argues the opinion is flawed because the Dallas court did not follow basic

principles of statutory construction which require the court to construe the statute according to the

---

[7] Section 408.147 of the Act, entitled "Contest of Supplemental Income Benefits by Insurance Carrier; Attorney's Fees," provides in relevant part that, "[i]f an insurance carrier disputes the commissioner's determination that an employee is entitled to supplemental income benefits or the amount . . . due and the employee prevails on any disputed issue, the insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as a result of the insurance carrier's dispute. . . ." TEX. LABOR CODE ANN. § 408.147(c) (Vernon 2006).

[8] We note the insurance company in *Vega-Garcia* did not appeal the jury award of $18,540 in attorney's fees incurred for preparation and trial concerning the award of supplemental income benefits, or the award of conditional appellate fees. *Vega-Garcia*, 223 S.W.3d at 765, 770 n.2.

plain, unambiguous meaning of its language, and in light of the legislative purpose of the statutory workers' compensation scheme, *i.e.*, to protect the injured worker. *See Keng*, 23 S.W.3d at 349 (Texas Workers' Compensation Act should be liberally construed in favor of injured workers, and a strained or narrow interpretation of the Act is improper). Tate argues the phrase "as a result of" the insurer's appeal in section 408.221(c) encompasses all attorney's fees that flow out of the judicial review appeal, and extends to fees incurred in order to exercise the claimant's right to recover its attorney's fees when the insurer loses on judicial review. Tate primarily relies on *Crump*, in which the Houston court of appeals recently held that, under the plain language of section 408.221(c), a claimant who prevails on an issue on which the carrier sought judicial review is entitled to all her attorney's fees incurred "as a result of" the appeal. *Crump*, 274 S.W.3d at 104 (emphasis added).[9] The court reasoned that because the claimant was required, through her attorneys, to prepare and submit written evidence to the trial court to support her request for fees under section 408.221(c), and was required to set the matter for a hearing because the parties could not agree as to the amount of fees, the claimant incurred those attorney's fees (in pursuit of fees) "as a result of" the carrier's appeal. *Id.* (citing *Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 819-20 (Tex. App.—Fort Worth 2006, no pet.) (affirming award of post-trial attorney's fees incurred by claimant as a result of insurance carrier's appeal of workers' compensation award)).

The *Crump* opinion briefly distinguishes *Vega-Garcia* on the basis that the insurance carrier in that case had non-suited its judicial review proceeding. *Id.* at 104 (stating, without further explanation, "[b]ecause the insurance carrier non-suited its judicial review proceeding, we find *Vega-Garcia* distinguishable from this case . . ."). Discover argues that distinction is not persuasive, and

---

[9] A petition for review in the Texas Supreme Court was filed in *Crump* on January 5, 2009.

we agree. In concluding the claimant was the "prevailing party" for purposes of section 408.221(c), the court in *Vega-Garcia* specifically stated that the claimant was simply defending her award against the insurer's appeal, and was thus in the same position after the non-suit as she would have been if she had prevailed after a trial; therefore, the fact that a non-suit was taken only affected the amount of attorney's fees, not the claimant's right to recover her attorney's fees. *See Vega-Garcia*, 223 S.W.3d at 767-68; *see also Dean Foods*, 178 S.W.3d at 454-55 (when insurance carrier non-suits, claimant is the "prevailing party" for purposes of section 408.221(c)); *Pacific Employers Ins. Co. v. Torres*, 174 S.W.3d 344, 346-47 (Tex. App.—El Paso 2005, no pet.) (same).

We agree with the reasoning in *Vega-Garcia* that the "as a result of" language used in section 408.221(c) requires the attorney's fees to have been incurred on judicial review *of an issue* on which the claimant prevailed. Accordingly, we hold that attorney's fees incurred only in pursuit of attorney's fees may not be recovered under section 408.221(c).

### *Conclusion.*

Based on the foregoing analysis, we conclude the statute at issue, section 408.221(c) of the Texas Workers' Compensation Act, entitles Discover to a jury trial on the "reasonable and necessary" amount of attorney's fees recoverable by Tate. Accordingly, we remand to the trial court for further proceedings consistent with this opinion.

Phylis J. Speedlin, Justice