# IN THE SUPREME COURT OF TEXAS

════════════
No. 12-0451
════════════

PM Management-Trinity NC, LLC d/b/a Trinity Care Center, Petitioner,

v.

Michael Kumets, Pavel Kumets, and Strul Kumets, Individually and as Next Friend for Yevgeniya Kumets, Respondents

═══════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of Texas
═══════════════════════════════════════════════════════

**PER CURIAM**

In this dispute, the trial court refused to dismiss a claim that a nursing home unlawfully discharged a resident in retaliation for complaints made by the resident's family. The court concluded that the claim was not a "health care liability claim" (HCLC) for which the Texas Medical Liability Act (TMLA) requires a supporting expert report. The court of appeals affirmed, with one justice dissenting in part. Because this retaliation claim was based on the same factual allegations on which one of the plaintiffs' HCLCs was based, we reverse the judgment of the court of appeals in part and affirm in part, and we remand the case to the trial court for dismissal and a determination of attorney's fees and costs of court pursuant to section 74.351(b) of the TMLA.

Yevgeniya Kumets was admitted to the Trinity Care Center nursing home to recover from a stroke. Yevgeniya's family members allege that the inadequate care she received at Trinity caused

her to suffer a second stroke. They also allege that Trinity discharged Yevgeniya from the home in retaliation for complaints that the family made about her care. The Kumetses sued Trinity, asserting claims for medical negligence; negligence per se; gross negligence; negligent hiring, supervision, management, and retention of employees; breach of fiduciary duty; breach of contract; violations of the Deceptive Trade Practices Act; fraudulent/negligent misrepresentation and billing; and retaliation.[1] The Kumetses asserted the retaliation claim under the Texas Health & Safety Code, which creates a statutory cause of action against a nursing facility that retaliates or discriminates against a resident or family member who makes a complaint or files a grievance concerning the facility. *See* TEX. HEALTH & SAFETY CODE § 260A.015(a).[2] A plaintiff who prevails on a statutory retaliation claim may recover injunctive relief, the greater of statutory or actual damages, exemplary damages, court costs, and attorney's fees. *Id*. § 260A.015(b).

After the Kumetses filed an expert report, Trinity argued that the expert report was deficient and asked the trial court to dismiss all of the claims pursuant to section 74.351(b) of the TMLA. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b). The trial court agreed that the report was deficient and granted a thirty-day extension to cure the deficiencies. *See id.* § 74.351(c). The court later found the Kumetses' amended expert report deficient and signed an order dismissing all of their claims except for the retaliation claim. Trinity appealed the court's order, arguing that the retaliation claim

---

[1] The Kumetses also sued other defendants, but those claims are not before us.

[2] The Kumetses actually asserted the retaliation claim under section 242.1335 of the Texas Health & Safety Code, which was repealed in 2011 but remains applicable to claims, like the Kumetses', that accrued before September 28, 2011. *See* Act of June 28, 2011, 82d Leg., 1st C.S., ch.7, §§ 1.05(m), 1.05(p), 2011 Tex. Gen. Laws 5390, 5407. Because the Legislature re-enacted the statute without substantive changes as section 260A.015, we will cite to the current provision.

was also an HCLC that must be dismissed. The Kumetses cross-appealed, contending that their fraudulent billing claim was not an HCLC and therefore should not have been dismissed. The Kumetses did not challenge the trial court's finding that their remaining claims were HCLCs or the court's dismissal of those claims.

A divided panel of the court of appeals affirmed. 368 S.W.3d 711, 723. The court noted that under the TMLA, an HCLC must involve "injury to or death of the claimant[.]" TEX. CIV. PRAC. & REM. CODE § 74.001(a)(13). According to the majority, claims asserting pure economic loss do not meet this element of the definition. The court of appeals explained that the trial court reasonably could have concluded that the only "injury" arising from Yevgeniya's discharge was economic loss, and the court therefore affirmed the trial court's decision not to dismiss the retaliation claim. In addition, the court concluded that the trial court did not abuse its discretion by dismissing the fraudulent billing claim, because that claim was based on the same facts as the Kumetses' HCLCs.

The dissent agreed with the majority that the trial court properly dismissed the fraudulent billing claim but disagreed with the court's decision to affirm the trial court's denial of Trinity's motion to dismiss the retaliation claim. Like the majority, the dissent noted that, under our precedents, claims that are based on the same facts as HCLCs are themselves HCLCs and must be dismissed absent a sufficient expert report. *Yamada v. Friend*, 335 S.W.3d 192, 196–97 (Tex. 2010); *accord Turtle Healthcare Grp., L.L.C. v. Linan*, 337 S.W.3d 865, 868–69 (Tex. 2011) (per curiam). Unlike the majority, however, the dissent would have held that the Kumetses' retaliation claim was based on the same facts as one of the Kumetses' HCLCs and therefore should have been dismissed.

3

We agree with the dissent. Like the plaintiffs in *Yamada*, the Kumetses have not challenged the trial court's finding that their other claims were HCLCs or the court's dismissal of those claims. In support of their claim for breach of fiduciary duty, the Kumetses asserted that Trinity "retaliated against [Yevgeniya] once complaints were made about her poor treatment in violation of Texas law." For purposes of this case, this claim has been established to be an HCLC, and the Kumetses' claim for retaliatory discharge under the Health & Safety Code is based on the same factual allegations. As we explained in *Yamada*, the TMLA does not allow parties to circumvent its procedural requirements by claim-splitting or by any form of artful pleading. 335 S.W.3d at 196. When a plaintiff asserts a claim that is based on the same underlying facts as an HCLC that the plaintiff also asserts, both claims are HCLCs and must be dismissed if the plaintiff fails to produce a sufficient expert report. *Id.*

We do not decide in this case that a claim for retaliation or discrimination under the Health & Safety Code is always an HCLC, or even that the Kumetses' claim for breach of fiduciary duty was an HCLC. Because the Kumetses did not appeal the trial court's determination that their breach of fiduciary duty claim was an HCLC, we must accept for purposes of this case that it was. And because their retaliation claim was based on the same underlying facts, the trial court should have dismissed that claim as an HCLC as well.

Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review and reverse the court of appeals' judgment respecting the retaliation claim. We affirm the remainder of the court of appeals' judgment. We also remand to the trial court with orders to dismiss

the case and award appropriate attorney's fees and costs of court to Trinity. *See* TEX. CIV. PRAC. &

REM. CODE § 74.351(b).

**OPINION DELIVERED:  June 28, 2013**