# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00301-CV

**Margaret Reid, Appellant**

**v.**

**Seton Hospital, Dr. Michael Breen, and Dr. Ann Czarnik, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-15-003300, HONORABLE KARIN CRUMP, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Margaret Reid appeals the trial court's dismissal with prejudice of her medical-malpractice lawsuit against appellees Seton Hospital, Dr. Michael Breen, and Dr. Ann Czarnik. The issues on appeal concern whether Reid's late-served notice of claim and medical authorization, *see* Tex. Civ. Prac. & Rem. Code § 74.051, automatically abated the lawsuit and tolled the 120-day period in which she was required to serve an expert report, *see id.* § 74.351(a), (b), absent an agreement between the parties or a court order to abate or extend the expert-report deadline. We hold that they did not and, accordingly, affirm the trial court's dismissal of Reid's lawsuit.

## BACKGROUND

Reid filed her lawsuit on August 10, 2015, making claims against all appellees for medical malpractice and against Dr. Czarnik for intentional infliction of emotional distress (IIED) arising from injuries she sustained in the course of undergoing hysterectomy surgery performed by

Dr. Breen at Seton and later receiving emergency-care services from Dr. Czarnik due to surgery complications. It is undisputed that Reid's lawsuit asserts "health care liability claims" (HCLCs) subject to the requirements of chapter 74 of the Texas Civil Practice and Remedies Code, *see id.* §§ 74.001–.507, and that Reid did not provide appellees with the statutorily required "notice of claim" and "medical authorization" before filing her suit. *See id.* § 74.051 ("Any person . . . asserting a health care liability claim shall give written notice of such claim . . . to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.").

Nearly a month after appellees filed their answers, in which they made verified denials that Reid had failed to provide the statutory notice of claim and medical authorization, Reid sent appellees the required notice of claim and medical authorization, accompanied by a "stipulation" in which she acknowledged her pleading defect and stated that the notice was "intended to abate the lawsuit for sixty days after [appellees'] receipt of this letter in accordance with the relevant rules . . . [and] also tolls the applicable statute of limitations to and including a period of 75 days following the giving of the notice." *See id.* § 74.051(c) ("Notice given as provided in this chapter [i.e., notice of claim given 60 days before filing suit] shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.").

After 120 days had elapsed since they filed their answers and Reid had not served them with the statutorily required expert report, appellees filed a motion to dismiss, which the trial

2

court granted after a non-evidentiary hearing. *See id.* § 74.351(a), (b) (requiring plaintiff making HCLC to serve defendant with expert report no later than 120 days after defendant files original answer and providing that, on motion of affected physician or health care provider, court "shall" enter order dismissing plaintiff's claim with prejudice and awarding defendant attorney's fees upon plaintiff's failure to timely serve expert report). Reid requested findings of fact and conclusions of law, which the trial court did not make; filed a motion for new trial, which was overruled by operation of law; and then filed this appeal of the dismissal of her lawsuit.

## DISCUSSION

In her first three issues, Reid contends that her late service upon appellees of her notice of claim and medical authorization automatically abated the lawsuit for 60 days, which also functioned to toll the deadline for serving expert reports by 60 days and that, accordingly, her expert-report deadline had not expired when appellees filed their motion to dismiss. Appellees respond that the lawsuit was not abated because there was no agreement between the parties or a court order to abate and that, even had abatement been triggered "automatically," it would not have altered the statutory deadline for serving expert reports because there was no explicit extension of that deadline. *See Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 254 & n.5 (Tex. 2010) (holding that, for agreed order or written agreement to extend section 74.351 threshold expert-report deadline, order "must explicitly indicate parties' intention to extend deadline and reference that specific deadline" to be effective).

We will review the trial court's ruling on appellees' motion to dismiss for abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006) (per curiam); *Carroll v. Humsi*,

3

342 S.W.3d 693, 696 (Tex. App.—Austin 2011, no pet.), *abrogated on other grounds by Zanchi v. Lane*, 408 S.W.3d 373 (Tex. 2013).  A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules and principles.  *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002) (per curiam).

This Court has held that a plaintiff may not unilaterally abate a case without a court order for purposes of extending the expert-report deadline.  *See Quint v. Alexander*, No. 03-04-00819-CV, 2005 WL 2805576, at *4–5 (Tex. App.—Austin Oct. 28, 2005, pet. denied) (mem. op.) (holding that after failing to provide 60-day pre-suit notice, plaintiff could not "self-abate" case without judicial permission in order to extend statutory expert-report deadline and affirming trial court's dismissal of plaintiff's HCLCs); *cf. Schepps v. Presbyterian Hosp. of Dall.*, 652 S.W.2d 934, 938 (Tex. 1983) (noting that *defendant* may move for period of abatement when plaintiff does not comply with pre-suit notice requirement).  Several of our sister courts have similarly held that untimely service of a pre-suit notice or medical authorization does not toll or extend the 120-day period for service of the expert report, regardless of whether it achieves a 60-day abatement of the lawsuit for other purposes.[1]  *See, e.g.*, *McWashington v. Harris Cty. Hosp. Dist.*, 208 S.W.3d 64, 69 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that abatement of case under section

---

[1]  The one case that Reid cites as being in her favor, *Lim v. West*, No. 01-08-00469-CV, 2008 WL 4670991, at *1–2 (Tex. App.—Houston [1st. Dist.] Oct. 23, 2008, pet. denied) (mem. op.), is distinguishable and inapposite.  In *Lim*, the appellate court concluded that the trial court did not abuse its discretion in *denying* the defendants' motion to dismiss because (1) there was a fact issue concerning the effect of the abatement order (i.e., Was it abated for all purposes within chapter 74, including an extension of the expert-report deadline, or was it abated only for other purposes?), (2) the appellate record was insufficient to resolve the issue, and (3) the appellate court was accordingly bound by the presumption that the trial court found all facts necessary to support its ruling.  *See id.*

74.052(a) does not toll or extend 120-day period for filing expert report); *Emeritus Corp. v. Highsmith*, 211 S.W.3d 321, 324 (Tex. App.—San Antonio 2006, pet. denied) (reversing trial court's denial of defendants' motion to dismiss where parties' abatement agreement did not explicitly extend time to file expert report); *Hagedorn v. Tisdale*, 73 S.W.3d 341, 347–49 (Tex. App.—Amarillo 2002, no pet.) (holding that absent agreement between parties to extend time to serve expert report, agreed abatement on plaintiff's failure to provide 60-days' written notice of claim did not affect deadline to serve report). Based on these authorities and the sound reasoning contained therein,[2] and in light of the lack of an order of abatement or agreement to abate that explicitly extended the deadline for filing the expert report, *see Spectrum Healthcare Res.*, 306 S.W.3d at 254 & n.5, we hold that the trial court did not abuse its discretion in granting appellees' motion to dismiss, and we accordingly overrule Reid's first through third issues.

In her fourth issue, Reid contends that the trial court erred in dismissing her IIED claim against Dr. Czarnik because the claim, "although arising out of the same transaction and occurrence" as her HCLC, was nonetheless a "distinct and independent claim, requiring no expert report," and the trial court "paid no heed to the relevant rules which duly separate a claim in negligence from a claim in medical malpractice." However, apart from making these bald contentions, Reid does not identify any authority or make any argument in support of them, and we reject her attempt to circumvent the requirements of chapter 74 by merely asserting that the IIED claim

---

[2] *See, e.g.*, *Hagedorn v. Tisdale*, 73 S.W.3d 341, 347–49 (Tex. App.—Amarillo 2002, no pet.) (explaining that extending time to serve expert report because of plaintiff's failure to comply with pre-suit notice requirement would reward plaintiff for not complying with law, that plaintiff to some extent chooses when to file lawsuit and knows she has 120 days to serve expert report, and that purpose of chapter 74 to "curtail frivolous claims against physicians and other health care providers" would be frustrated by adopting plaintiff's argument).

is "distinct" from the other HCLCs in this lawsuit. *See PM Mgmt.-Trinity NC, LLC v. Kumets*, 404 S.W.3d 550, 552 (Tex. 2013) (per curiam) ("[C]laims that are based on the same facts as HCLCs are themselves HCLCs and must be dismissed absent a sufficient expert report."); *Yamada v. Friend*, 335 S.W.3d 192, 196–97 (Tex. 2010) (holding that claims based on same facts as those constituting HCLCs cannot be maintained as ordinary negligence claims apart from chapter 74's requirements). "Whether a claim is a health care liability claim depends on the underlying nature of the claim being made," and "[a]rtful pleading does not alter that nature." *Yamada*, 335 S.W.3d at 196. Reid's IIED claim is a claim (1) against a health care provider; (2) concerning treatment, lack of treatment, or departure from the standard of care; and (3) asserting that the provider's act is alleged to have proximately caused injury, which we presume is an HCLC absent allegations in the record rebutting this presumption. *See Loaisigna v. Cerda*, 379 S.W.3d 248, 256–57 (Tex. 2012). Reid has identified no facts supporting her IIED claim that are substantively distinct from those supporting her HCLCs, nor has our review of her pleadings uncovered any. We overrule her fourth issue.

In her fifth and final issue, Reid contends that the trial court erred by refusing to file findings of fact and conclusions of law and that harm to her therefrom is "presumed" on appeal unless the record affirmatively shows that she suffered no injury. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam) (holding that trial court's error in failing to make findings upon proper and timely request by party, as required by family code, is harmful if it prevents appellant from properly presenting case to appellate court). However, Texas courts have consistently held that findings of fact and conclusions of law are not required when a trial court dismisses an HCLC for the plaintiff's failure to comply with chapter 74's expert-report requirements and that a trial court does not err in refusing to file them. *See Davis v. Spring Branch Med. Ctr., Inc.*, 171 S.W.3d 400,

6

413–14 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that trial court did not abuse discretion in declining to file findings of fact and conclusions of law after dismissal of case under predecessor to section 74.351); *Smalling v. Gardner*, 203 S.W.3d 354, 371–72 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same); *Sandles v. Howerton*, 163 S.W.3d 829, 834 & n.5 (Tex. App.—Dallas 2005, no pet.) (declining to presume harm from trial court's refusal to issue findings of fact and conclusions of law where findings were not required for dismissal under section 74.351 predecessor); *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) (explaining that findings and conclusions are not required when judgment is rendered as sanction because (1) they are often unnecessary, (2) making them in every case would unduly burden trial courts, and (3) appellate courts are not obliged to give them same level of deference as those made after trial on merits). Accordingly, we hold that the trial court did not err in refusing to file findings of fact and conclusions of law upon Reid's request, and we overrule her fifth issue.

## CONCLUSION

Because the district court did not abuse its discretion in dismissing with prejudice Reid's lawsuit, we affirm its order of dismissal.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: November 30, 2016