

# NUMBER 13-20-00535-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ROSALINDA SOLIZ,                                                                    Appellant,

v.

MCALLEN HOSPITALS, L.P.
D/B/A EDINBURG REGIONAL
MEDICAL CENTER,                                                                    Appellee.

## On appeal from the 206th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Rosalinda Soliz appeals the trial court's order dismissing her fraud claims against appellee McAllen Hospitals, L.P. d/b/a/ Edinburg Regional Medical Center (the Hospital). By three issues, which we address together, Soliz argues that her fraud

claims are not health care liability claims (HCLCs) and were thus improperly dismissed based on her failure to comply with the expert report requirement found in the Texas Medical Liability Act (TMLA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. The trial court's dismissal, Soliz argues, "was reversible error, violated [her] due process rights, and violated [her] right to a trial by jury of disputed issues of fact." We affirm.

## I.  BACKGROUND & PROCEDURAL HISTORY

On August 2, 2016, Dr. Maria Rodriguez De Lima performed a hysterectomy on Soliz at the Hospital. During the procedure, Soliz allegedly sustained several injuries. On December 4, 2017, Soliz filed a medical malpractice suit against Rodriguez. On April 17, 2018, Soliz joined the Hospital as a defendant to the suit, alleging that Rodriguez's negligent medical care would not have occurred but for the Hospital's negligence in the selection and retention of physicians who are granted staff privileges.

On June 19, 2018, Soliz filed her second amended original petition, adding arguments that: (1) the Hospital does not disclose to its patients that it does not believe that most patients who are injured by surgeon negligence are entitled to compensation; (2) the Hospital, "[i]n connection with its granting of privileges," does not require its surgeons to "demonstrate any ability to compensate patients injured by their professional negligence"; (3) the Hospital, "[i]n connection with its granting of privileges . . . only requires surgeons to have professional liability insurance with a pre-occurrence limit of liability of $100,000, even though [the Hospital] knows that fair and reasonable compensation [for malpractice] . . . often exceeds" that amount; and (4) the Hospital, "[i]n connection with its granting of privileges . . . does not require that the surgeons have professional liability insurance with a per-claim limit of liability which is not diminished by

2

defense costs." Soliz argued that the Hospital's conduct was "negligent, grossly negligent, malicious, and fraudulent." She argued that as "a proximate result of [the Hospital's] actionable conduct . . . [Soliz] sustained past and probable future physical pain . . . and past and probable future medical care expenses." Soliz maintained these claims in her third amended original petition.

On August 1, 2018, Soliz filed an expert report written by Richard Bays, an expert in "complex healthcare and development projects." His report addressed the Hospital's purported negligence in credentialing Rodriguez and how that negligence caused Soliz's injuries. On August 21, 2018, the Hospital objected to Bays's expert report, alleging that the report was "impermissibly vague and conclusory on causation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6). On November 13, 2018, the trial court signed an order sustaining the Hospital's objections to Bays's report.[1]

On March 10, 2020, the Hospital filed its motion to dismiss, citing Soliz's failure to serve an expert report as required under the TMLA. *See id.* § 74.351(a). The trial court set a hearing on the Hospital's motion to dismiss for August 7, 2020.

On August 6, 2020, Soliz filed her fourth and final amended pleading, in which she dropped the allegations that (1) the Hospital's negligence resulted in physical injury and (2) the Hospital's conduct "was negligent, grossly negligent, [and] malicious." Instead, Soliz maintained only that, as to each of the claims mentioned above,

> [the Hospital] did not disclose this fact to [Soliz], in order to induce [Soliz] to undergo surgery at [the Hospital] on the occasion in question. [Soliz] reasonably agreed to undergo the subject surgical treatment, and did

---

[1] On November 16, 2018, Soliz filed an interlocutory appeal challenging the trial court's ruling on the Hospital's objection. This Court affirmed the trial court's ruling on March 5, 2020. *See Soliz v. McAllen Hosps., L.P.*, No. 13-18-00638-CV, 2020 WL 1060572, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 5, 2020, pet. denied). The Texas Supreme Court denied Soliz's subsequent petition for review on July 17, 2020.

undergo the subject surgical treatment, in reliance upon what information [Soliz] was provided. As a result of such concealment by [the Hospital], [Soliz] has sustained damages resulting from the subject surgical treatment for which Rodriguez is financially unable to compensate [Soliz] reasonably and fairly. [The Hospital] is therefore liable to [Soliz] for such damages which exceed Rodriguez's ability to compensate [Soliz] reasonably and fairly, under the Texas common law of fraud.

At its August 7, 2020 hearing, the trial court requested additional briefing as to whether Soliz's fraud claims against the Hospital are distinct from her negligent credentialing claims, and thus free from Chapter 74's expert report requirement. Ultimately concluding the claims were not distinct, on September 21, 2020, the trial court granted the Hospital's motion to dismiss and ordered "that all claims and causes of action of [Soliz] against [the Hospital] including, Negligent Credentialing, Health Care Liability, and Fraud against [the Hospital], are DISMISSED with prejudice."[2] This appeal followed.

## II.     HCLCs

As the parties correctly observe, the outcome of this case turns on whether Soliz's fraud claims "are properly categorized as [HCLCs] per [the TMLA], therefore triggering the expert report requirement of § 74.351." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351.

## A.     Standard of Review & Applicable Law

An appellate court reviews a trial court's decision on a motion to dismiss a claim under § 74.351 for an abuse of discretion. *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Am. Transitional Care Ctrs. of Tex. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. "A trial court abuses its discretion if it acts in

---

[2] On November 18, 2020, the Hospital filed a motion for severance. The trial court granted the motion in an agreed order on December 1, 2020. Soliz maintains her claims against Rodriguez in a separate action.

4

an arbitrary or unreasonable manner without reference to guiding rules or principles." *Cayton v. Moore*, 224 S.W.3d 440, 444 (Tex. App.—Dallas 2007, no pet.). "[A] trial court has no discretion in determining what the law is or in applying the law to the facts." *Id.* at 445. "A clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

Whether a claim is an HCLC under Chapter 74 is a question of law that is reviewed de novo. *Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019); *Christus Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 534 (Tex. 2016). When determining whether a lawsuit is an HCLC, courts should "consider the entire court record, including the pleadings, motions and responses, and relevant evidence properly admitted." *Loaisiga v. Cerda*, 379 S.W.3d 248, 258 (Tex. 2012). Courts must consider the underlying nature of the plaintiff's claim rather than its label, such that "a party cannot avoid Chapter 74's requirements and limitations through artful pleading." *Weems*, 575 S.W.3d at 363. Application of the TMLA cannot be avoided by splitting claims into both HCLCs and other types of claims. *See Yamada v. Friend*, 335 S.W.3d 192, 193–94 (Tex. 2010). "When the underlying facts are encompassed by provisions of the TMLA in regard to a defendant, then all claims against that defendant based on those facts must be brought as [HCLCs]." *Id.*

If a claim is an HCLC, a claimant shall serve on the defendant health care provider an expert report not later than the 120th day after the date the defendant's answer is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). If the expert report has not been served within the period specified, the trial court must dismiss with prejudice the claim with respect to the health care provider. *Id.* § 74.351(b).

Per its statutory definition, an HCLC has three elements: (1) the defendant is a health care provider or physician; (2) the claimant's cause of action is for "treatment, lack of treatment, or other claimed departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care"; and (3) the defendant's alleged departure from accepted standards proximately caused the claimant's injury or death. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)(13); *see Loaisiga*, 379 S.W.3d at 255 (citing *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 662 (Tex. 2010) (plurality opinion)).

The TMLA's "broad language . . . evidences a legislative intent for the statute to have expansive application," and thus "essentially creates a presumption that a claim is an HCLC if it is against a physician or health care provider and is based on facts implicating the defendant's conduct during the course of a patient's care, treatment, or confinement." *Loaisiga*, 379 S.W.3d at 256. A claimant may rebut the presumption by showing that "the only possible relationship between the conduct underlying a claim and the rendition of medical services or healthcare [is] the healthcare setting . . . the defendant's status as a doctor or health care provider, or both." *Id.*

## B.    Analysis

It is undisputed that the Hospital is a health care provider under the TMLA, and, therefore, the first HCLC element is met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A) ("'Health care provider' means any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care . . . ."). Because Soliz's claims are against a health care provider regarding the Hospital's conduct during Soliz's treatment,

6

the presumption arises that her claims are HCLCs. *See Loaisiga*, 379 S.W.3d at 256; *Weems*, 575 S.W.3d at 363. Soliz therefore bears the burden of rebutting the presumption, which she has not done.

The primary issue in this case, arising under the second element of an HCLC, concerns the nature of Soliz's "cause of action."[3] Specifically, whether her fraud claims allege a "departure from accepted standards of medical care,[4] health care,[5] or safety or professional or administrative services directly related to health care."[6] *Loaisiga*, 379 S.W.3d at 255; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). Soliz argues that they do not. The Hospital argues that Soliz's fraud claims are HCLCs because they (1) are based on the same facts as her negligent credentialing claim and (2) independently implicate medical care, health care, safety, and professional and administrative services.

We agree with the Hospital's first argument: Soliz's fraud claims arise out of the

---

[3] While "cause of action" is undefined in the TMLA, the generally accepted definition of the term is "fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief." *In re Jorden*, 249 S.W.3d 416, 421 (Tex. 2008) (orig. proceeding) (quoting *A.H. Belo Corp. v. Blanton*, 129 S.W.2d 619, 621 (Tex. 1939)).

[4] "Medical care" is defined as "any act defined as practicing medicine under [§] 151.002, Occupations Code, performed or furnished, or which should have been performed, by one licensed to practice medicine in this state for, to, or on behalf of a patient during the patient's care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(19). The specified section of the Texas Occupations Code defines "practicing medicine" as

> the diagnosis, treatment, or offer to treat a mental or physical disease or disorder or a physical deformity or injury by any system or method, or the attempt to effect cures of those conditions, by a person who: (A) publicly professes to be a physician or surgeon; or (B) directly or indirectly charges money or other compensation for those services.

TEX. OCC. CODE ANN. § 151.002(a)(13).

[5] "Health care" is broadly defined as "any act . . . performed . . . by any health care provider for [or] to . . . a patient during the patient's medical care, treatment, or confinement." TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10).

[6] "Professional or administrative services" is defined as "those duties or services that a physician or health care provider is required to provide as a condition of maintaining the physician's or health care provider's license, accreditation status, or certification to participate in state or federal health care programs." *Id.* § 74.001(a)(24).

7

same facts as her negligent credentialing claims and are thus HCLCs. *See Yamada*, 335 S.W.3d at 193–94; *PM Mgmt.-Trinity NC, LLC v. Kumets*, 404 S.W.3d 550, 552 (Tex. 2013) ("When a plaintiff asserts a claim that is based on the same underlying facts as an HCLC that the plaintiff also asserts, both claims are HCLCs and must be dismissed if the plaintiff fails to produce a sufficient expert report."); *E. El Paso Physicians Med. Ctr., L.L.C. v. Vargas*, 511 S.W.3d 172, 176 (Tex. App.—El Paso 2014, pet. denied) ("Where all claims arise from the same nucleus of operative fact, and some pleaded claims are HCLCs, then the TMLA's procedural requirements must be followed or else all claims arising from the same fact scenario must be dismissed.").

Soliz initially filed claims against the Hospital for negligent credentialing, arguing that the Hospital was negligent by (1) granting Rodriguez permission to treat patients, (2) not restricting Rodriguez's permission to perform hysterectomies, and (3) not revoking that permission before Rodriguez operated on Soliz. Soliz stated that such negligence resulted in her injuries. Soliz does not dispute that her negligent credentialing claims are HCLCs, and she does not challenge the dismissal of those claims on appeal.

In her subsequent second and third amended pleadings, Soliz added claims against the Hospital "in connection with its granting privileges to surgeons at [the Hospital]." As noted above, Soliz argues that the Hospital concealed details relating to the credentialing of Rodriguez, thereby inducing Soliz to undergo the surgery that resulted in her alleged injuries. Soliz stated that all those actions were "negligent, grossly negligent, malicious, and fraudulent." In other words, in her second and third amended pleadings, Soliz stated that the same actions taken by the Hospital were both negligent and fraudulent.

In her fourth amended pleading, Soliz recasts her fraud claims as distinct from her negligent credentialing claim by deleting language regarding the Hospital's alleged negligence, gross negligence, and malice. However, Soliz's fraud claims are still made "in connection with [the Hospital's] granting privileges" to Rodriguez, the subsequent alleged medical malpractice by Rodriguez, and Soliz's resulting injuries. And "[w]hen a plaintiff's credentialing complaint centers on the quality of the doctor's treatment, as it does here, the hospital's alleged acts or omissions in credentialing are inextricably intertwined with the patient's medical treatment and the hospital's provision of health care." *Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 546 (Tex. 2004). Accordingly, Soliz's fraud claims are "clandestine credentialing claims," and thus, HCLCs. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding) (holding that the "fraud . . . [appellant] pleaded [against the hospital] related to 'material facts regarding [the physician's] qualifications to perform cardiac surgery'" and were thus "simply clandestine credentialing claims"); *Weems*, 575 S.W.3d at 363, ("[A] party cannot avoid Chapter 74's requirements and limitations through artful pleading.").

Because Soliz's negligent credentialing claims are HCLCs, and because her fraud claims were added to and arise under the same facts as her negligent credentialing claims, her fraud claims are HCLCs subject to Chapter 74's expert report requirement.[7]

---

[7] Soliz also argues that she did not suffer any "injury," as required by the third element of an HCLC, because she claims she only suffered economic harm as a result of the Hospital's fraud, not "bodily injury or death." Even if we agree that Soliz only suffered economic harm, the Texas Supreme Court has held that bodily injury is not required to meet the statutory definition of "injury" under Chapter 74, and economic harm will suffice. *See Baylor Scott & White, Hillcrest Med. Ctr. v. Weems*, 575 S.W.3d 357, 364 n.22 (Tex. 2019) ("Weems does not suggest that bodily injury is required to meet the statutory definition [under Chapter 74], and we conclude in any event that it is not."); *Coming Attractions Bridal & Formal, Inc. v. Tex. Health Res.*, 595 S.W.3d 659, 666 (Tex. 2020) ("[C]laims alleging the negligent provision of health care fall within the [TMLA] when the alleged damages stem from health-care-related claims, regardless of the type of injury alleged."); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) ("'Health care liability claim' means a cause of action against a health care provider . . . which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.").

*See Yamada*, 335 S.W.3d at 193–94; *Kumets*, 404 S.W.3d at 552; *Rose*, 156 S.W.3d at 546; *Vargas*, 511 S.W.3d at 176. Consequently, Soliz's failure to file a sufficient expert report as to her negligence claim required the trial court to dismiss her fraud claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). Accordingly, we conclude that the trial court did not abuse its discretion by doing so.

We overrule Soliz's issues on appeal.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
6th day of January, 2022.

10